## GALVESTON, HARRISBURG AND SAN ANTONIO RAILWAY COMPANY v. THE STATE OF TEXAS.

The eleventh section of the act supplementary to the act to incorporate the Buffalo Bayou, Brazos and Colorado Railway Company, passed July 27, 1870, construed in connection with the twelfth section of the charter of the International Railroad Company, does not exempt the first mentioned corporation from the payment of taxes to the State.

APPEAL from Harris.    Tried below before the Hon. James Masterson.

No briefs on file.

WALKER, J.—This is an action brought in the name of the State against the appellant for taxes admitted to be due and unpaid, and the only question which the appellant brings to our attention, on which a reversal is claimed, grows out of the eleventh section of the special act of re-incorporation, passed July 27, 1870, and the twelfth section of the charter of the International Railroad Company, passed August 5, 1870. The title of the act of July 27, 1870, is as follows: "An act supplementary to the act to incorporate the Buffalo Bayou, Brazos and Colorado Railway Company." The eleventh section of the act reads as follows: "That said new company shall be entitled to the same or similar rights and relief, except State aid in bonds or endorsement of or guarantee of interest on bonds, granted to or provided for any other railroad company by the Legislature, and upon the same or similar terms and conditions, so far as such rights or relief are in their charter applicable to said new company or its line or lines of railroad."

It appears from the twelfth section of the act incorporating the International Railroad Company, that the Legislature has relieved that company from the payment of

taxes for the period of five years, but it does not follow, from anything which appears upon this record, that the appellant is entitled to the same relief, and we think it very questionable whether the Legislature can enact a law which is to be changed in its nature and provision by any subsequent act of legislation, and by any subsequent Legislature which may relate to subjects not at all contemplated in the appellant's charter. In other words, could the Twelfth Legislature, by virtue of the promise contained in the eleventh section of appellant's charter, bind the State to confer upon this company any and every chartered right and privilege which future Legislatures may see proper to confer upon other railroad corporations?

We do not think, by any possible construction of these two acts which this court would be authorized to give them, that the appellant is entitled to any immunity from taxation.

The judgment of the District Court is affirmed.

AFFIRMED.